CHARLES HASTERLIK

*v.*

JOHN OLSON.

*Opinion filed December 20, 1905.*

LANDLORD AND TENANT—*when right to forfeit lease is waived.* Notice by the landlord, sent to his tenant through the board of health, to repair the premises the rent for which had been paid for the current month, together with the withholding by the landlord of a letter prepared by him declaring the lease forfeited for failure to make repairs until he ascertained the effect of his notice, upon receipt of which notice the tenant immediately made the repairs in ignorance of the letter and of the fact that the landlord had begun a forcible detainer suit, is a waiver of the right to declare the lease forfeited for such cause.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

CHARLES F. LOWY, for appellant.

SAMUEL FRIEDLANDER, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The appellant instituted an action in forcible detainer in the superior court of Cook county against the appellee to recover possession of a lot in the city of Chicago on which was

situate a business house, and was defeated. The judgment was affirmed by the Appellate Court for the First District, and this appeal brings such judgment of affirmance into review in this court.

. The case was heard in the superior court before the court and a jury on a stipulated state of facts. The court directed a verdict for the appellee.

It appeared from the statement of facts that the appellee occupied the premises in question as a tenant of appellant, under a written lease for a term of years terminating in the year 1906. The lease required the appellee, the tenant, to pay rent at the rate of $45 per month, monthly in advance, and, as the appellant construed it, required the tenant to keep the premises in good repair during the term. On January 29, 1904, appellee paid the rent in advance for the ensuing month of February. On or about February 1, 1904, the premises became out of repair, causing the basement to be flooded with water and damaging the building. The appellee, the tenant, on the 3d day of February notified the department of health of the city of Chicago that the premises were in bad condition and the basement flooded, and requested the board of health to notify the appellant and to require him to make the needed repairs. Notice, as so requested, was given the appellant by the board of health, but he refused to make the repairs. On the 15th day of February, 1904, the appellee again notified the board of health of the condition of the premises, and on the same day the appellant wrote a letter, to be sent to the appellee, declaring the lease forfeited for failure to keep the premises in good repair and demanding possession of the premises, but this letter was voluntarily retained by the appellant in his possession until the 23d day of February. On the 16th day of February the appellant instituted this action, and on the same day notified the board of health of the city, requesting them to notify the appellee to make the needed repairs within a specified time or subject himself to prosecution under

the city ordinances. The board notified the appellee accordingly, and he proceeded at once to have the premises repaired at his own expense. At the time of making and completing such repairs the appellee did not know that the action in forcible detainer had been begun against him, nor had the appellant then delivered to him the letter declaring the lease to be forfeited. The judgment entered in the superior court and the affirmance thereof in the Appellate Court were on the theory that the law would imply a waiver of the right to declare the lease forfeited.

The appellant had been paid the rent for the month of February. He claimed the right to declare the lease forfeited on the alleged failure of the tenant to make repairs, after he had received payment of the rent. He prepared a letter to the appellee declaring such forfeiture, but withheld the letter in his own possession and notified the board of health to require the appellee to make the repairs (which was the basis of his right of forfeiture) within a fixed time. The notice sent by the board of health to the appellee at the instance and demand of the appellant, requiring the appellee to make the repairs within a specified time, must be regarded as a notice given by appellant. The appellee had good reason to regard the notice to repair the premises, sent by the board of health on the application of the appellant, as an election on the part of the appellant to waive any right of forfeiture. Withholding the letter written to declare the forfeiture and procuring the notice to be given to the appellee to repair the premises is consistent only with the view that the appellant had determined not to elect to declare the lease forfeited if the appellee should comply with the notice to put the premises in repair. The appellee complied with the requirement of the notice, and it was properly ruled that the appellant could not declare a forfeiture of the lease.

The judgment must be and is affirmed.

*Judgment affirmed.*